IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN EDMOND                          *
PAMELA LYLES
        Plaintiffs,          *

    v.                              *   CIVIL ACTION NO. DKC-07-2883

EDWARD MAHER                         *
JUDY NIGH
SNOWDEN CHASE REALTY                 *
        Defendants.

                *****

## MEMORANDUM

Plaintiffs, who reside in the District of Columbia, previously filed suit against Judy Nigh, Snowden Chase Realty ("SCR"), Edward Maher, Prince George's County, Maryland, the Sheriff's Office of Prince George's County, Maryland, and two "Unidentified Officers" of the Sheriff's Department for Prince George's County, Maryland.[1] *See Edmond, et al. v. Nigh, et al.*, Civil Action No. DKC-05- 2750 (D. Md.).  In that action, Plaintiffs alleged that on or about August 9, 2004, they were illegally evicted from their Laurel, Maryland apartment, assaulted by Prince George's County officers, and had their property  removed from the apartment, resulting in the permanent loss of a number of items.   *Id.* at  Paper No. 1.  Plaintiffs amended their Complaint to allege a "RICO conspiracy," violations of the U.S. criminal code, Maryland landlord-tenant code, and civil rights statute, and common-law tort against Nigh, SCR, Maher, and the State of Maryland.  *Id*. at  Paper No. 17.

---

[1]     The Complaint was originally filed in the United States District Court for the District of Columbia in 2004, and was transferred to this district in October of 2005.

On August 9, 2006, the court granted Nigh and SCR's motions to dismiss, finding that these defendants were not properly served with process.[2]  *See Edmond, et al. v. Nigh, et al.*, Civil Action No. DKC-05- 2750  at Paper Nos. 53 & 54.  The undersigned also granted Maher's motion to dismiss or for summary judgment, finding that Plaintiffs had failed to establish the pattern requirement under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), could not raise a private cause of action under Title 18, could not bring a 42 U.S.C. § 1983 complaint against attorney Maher, and failed to establish duty and liability on the part of Maher under Maryland landlord-tenant laws.  *Id*. at Paper No. 53.  The court also found no merit to Plaintiffs' claims of civil conspiracy and intentional infliction of emotion distress.  *Id*.   On July 26, 2007, the United States Court of Appeals for the Fourth Circuit affirmed this Court's judgment.  *Id*. at 71.

Plaintiffs filed the instant *pro se* action[3] on October 24, 2007, naming  Maher, Nigh, and SCR as party Defendants.  The new civil action raises a familiar scenario.   The claims arise out of Plaintiffs' eviction from their Laurel, Maryland apartment on August 10, 2004, and reiterate the allegations raised in *Edmond, et al. v. Nigh, et al.*, Civil Action No. DKC-05-2750 concerning Plaintiffs' eviction, police assault, and loss of property.  Paper No. 1.   Plaintiffs allege a civil conspiracy and violations of their civil rights under 42 U.S.C. § 1983,[4] and violations of Maryland's

---

[2]     The Complaint against the State of Maryland was dismissed for lack of subject matter jurisdiction (sovereign immunity) by the Honorable Richard J. Leon of the U.S. District Court for the District of Columbia on October 4, 2005.  *See Edmond, et al. v. Nigh, et al.*, Civil Action No. DKC-05- 2750 at Paper Nos. 37 & 38.

[3]     Plaintiff Lyles is not, however, a typical *pro se* litigant.  She is no stranger to this court, nor is she a layperson.  Lyles was previously a member of the Bars of the District of Columbia and this court. Therefore, Lyles may therefore be held to a higher standard than a layperson.  *See Crumpacker v. Civiletti*, 90 F. R. D. 326, 329-30 (D. C. Ind. 1981).

[4]     Plaintiffs cite to § 11983 of Title 42.   No such statute exists.

landlord-tenant code.  *Id*.  They seek $875,000.00 in compensatory damages and $15,000,000.000 in punitive damages.

Plaintiffs' Motion to Proceed *In Forma Pauperis* shall be provisionally granted.[5]  For reasons to follow, however, the Complaint shall be summarily dismissed.

The doctrine of *res judicata* encompasses two concepts: claim preclusion and issue preclusion, or collateral estoppel.  *See In re Varat Enters., Inc.,* 81 F.3d 1310, 1315 (4th Cir. 1996). (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  The doctrine of *res judicata* contemplates, at a minimum, that courts not be required to adjudicate nor defendants to address successive actions arising out of the same transaction and asserting breach of the same duty.  *See Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 563 (5th Cir. 1983).  For a prior judgment to bar an action on the basis of *res judicata,* the prior judgment must be final, on the merits, and rendered by a court of competent jurisdiction in accordance with due process; the parties in the two actions must be either identical or in privity; and the claim in the second action must be based upon the same cause of action involved in the earlier proceeding.  *See Grausz v. Englander*, 321 F.3d, 467, 472 (4th Cir. 2003).

John Edmond and Pamela Lyles were the Plaintiffs in  *Edmond, et al. v. Nigh, et al.*, Civil Action No. DKC-05-2750, and Defendants were named in either the original and amended Complaints in that case.  This court had jurisdiction over Plaintiffs' claims and dismissed the case pursuant to Fed. R. Civ. Proc. 12(b)(5) and 56.

Federal courts and Maryland state courts have adopted the "transaction test" to determine the identity of the causes of action.  *See Adkins v. Allstate Ins. Co.,* 729 F.2d 974, 976 (4th  Cir.

---

[5]     Plaintiffs seemingly provide a service/mailing office address of 1629 K. Street, N.W., Suite 300, Washington, D.C., 20006, but indicate that they are unemployed.  Paper Nos. 2 & 3.  Further, they list "Ainger Place Apartments," Washington Gas, and PEPCO as creditors.  *Id*.  It therefore appears that they have not provided a complete explanation of their residential and employment backgrounds.

1984); *DeLeon v. Slear*, 328 Md. 569, 589-90 (Md. 1992).  Under this test, claims are considered a part of

the same cause of action when they arise out of the same transaction or series of transactions.  In determining whether the causes of action stem from the same transaction or series of connected transactions, courts consider such pragmatic factors as "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."  *See* Restatement (Second) of Judgments § 24(2) (1982). Claims may also arise out of the same transaction or series of transactions even if they involve different harms or different theories or measures of relief.  *Id*.

Comparing *Edmond, et al. v. Nigh, et al.*, Civil Action No. DKC-05- 2750 to the present suit, the Court finds Plaintiffs' claims arise out of the same transactions or occurrences.  Indeed, it appears Plaintiffs have raised the identical allegations presented in the earlier action.  The *res judicata* implications of these facts are clear and the court shall not revisit the claims raised against Maher in light of the estoppel effect of the prior ruling.

Plaintiffs' claims against Defendants Nigh and SCR fare no better.[6]  The specific allegations in the Complaint focus on Defendant Maher's actions.  Indeed, the only particularized factual claims raised against Judy Nigh or SCR is that on the morning of August 10, 2004, Nigh changed the locks on the apartment door and on August 11, 2004, she had her employees remove Plaintiffs' property and throw it into a large trash container.

---

[6]   The Complaint against Nigh and SCR in *Edmond, et al. v. Nigh, et al.*, Civil Action No. DKC-05-2750 was dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.   This does not constitute a disposition on the merits for purposes of *res judicata*. *See Candido v. District of Columbia*, 242 F.R.D. 151, 158 at n. 6 (D. D.C. 2007).

Nigh and SCR are private parties.  Generally, private parties are not subject to liability under 42 U.S.C. § 1983, because they do not act "under color of" state law. *See* 28 U.S.C. §§ 1343(a)(3) and (4); *see also West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982).  Plaintiffs assert that Defendants acted under color of law because there was "such a nexus between the [Prince George's County] Sheriff's Department and the illegal eviction such that their seemingly private behavior may fairly be treated as that of the State."  Paper No. 1 at 5.

When addressing whether a private party acted under color of law, a court starts with the presumption that private conduct does not constitute governmental action.  *See Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."); *Price v. Hawaii,* 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law."). In order for private conduct to constitute governmental action, "something more" must be present. *See Lugar,* 457 U.S. at 941, 102 S.Ct. 2744 ("[W]e have consistently held that a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor.'").

In *Howerton v. Gabica*, 708 F.2d 380 (9th Cir. 1983), private landlords sought to evict a tenant. During the eviction process, the landlords received substantial assistance from the police department. *See id.*  The court held that, even if the landlords believed that they were "acting within their rights," *id.* at 385 n. 10, they engaged in "joint act[ion]" with the state, *id.* at 385.

In this case Plaintiffs allege that Defendants engaged local police to carry out an illegal eviction in violation of Maryland and U.S. Bankruptcy codes.  Police allegedly knocked on the door and came in the apartment, watched while Defendant Nigh had the apartment locks changed, and "employed a crew...." to remove a portion of Plaintiffs' property.

The Supreme Court has affirmed a judgment against a private party where state agents seized the plaintiff's property, finding § 1983 liability where the agents were acting pursuant to statute upon the private party's ex parte application. *E.g. Fuentes v. Shevin*, 407 U.S. 67 (1972). Plainly, a private repossession pursuant to a state statutory provision is not state action. *See Flagg Brothers, Inc. V. Brooks*, 436 U.S. 149, 164-66 (1978). Plaintiffs' action, however, seemingly falls in the middle, where SCR and Nigh used police to facilitate an alleged illegal repossession. Therefore, there is an argument that this is a sufficient nexus so as to comprise state action. *See Howerton*, 708 F.2d at 384; *see also Quinones v. Durkis,* 638 F.Supp. 856, 861 (S.D. Fla. 1986). Even if Nigh and SCR's alleged use of the Prince George's County Sheriff's Department to evict Plaintiffs from the property constitutes state action, however, the court finds the claims of civil conspiracy and civil rights violations are time-barred under the statute of limitations applicable to such actions filed under Title 42.[7]

Congress determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law. *See Burnett v. Grattan*, 468 U.S. 42, 47-48 (1984). Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law. *Id*. at 49; *Chardon v. Fumero Soto*, 462 U.S. 650, 655-656 (1983); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464 (1975). The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive polices of enforcement embodied in the state cause of action." *Wilson v. Garcia*, 471 U.S. 261, 271 (1985).

---

[7] When "evaluating a complaint filed in forma pauperis pursuant to § 1915, a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such defense." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006)(citing *Nasim v. Warden*, 64 F.3d 951, 953-54 (4th Cir. 1995)).

Consequently, upon review of Maryland's limitations provisions, it appears that Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar.  *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question.  *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975).  The running of the statute of limitations begins when Plaintiffs knew or has reason to know of their injury.  *Id.*  Here, Plaintiffs at the latest should have known of their injuries in August of 2004, when they were evicted and allegedly assaulted and had their property taken.  Therefore, their allegations set out in this Complaint against Nigh and SCR are time-barred.[8]

For the foregoing reasons, the Complaint is dismissed without requiring service of process on Defendants.  A separate Order follows.

Date:   November 13, 2007                            /s/
                                             DEBORAH K. CHASANOW
                                             United States District Judge

---

[8]     Although not a model of clarity, Plaintiffs claim that Nigh and SCR violated  provisions of Md. Code Ann., Real Prop. §§ 8-401 and 8-402, which establish specific procedures for landlord repossession of property (complaint, summons, and notice) due to the failure to pay rent or for a tenant's holding over of property subsequent to the termination or expiration of the lease.  It is not clear how such alleged violations would set out a cause of action for damages under a theory independent of Plaintiffs' civil rights claims.  If Plaintiffs are raising 28 U.S.C. § 1332 personal tort or contract claims for damages, said claims would be deemed untimely.  Maryland's general statute of limitations applicable here is found under Md. Cts. & Jud. Proc. Code Ann. § 5-101 (civil action at law shall be filed within three years from the date it accrues); *see also Poffenberger v. Risser,* 290 Md. 631, 636, 431 A.2d 677, 680 (1981) (cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong).